**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHARLES E. NICHOLSON, et al.,** )  )  **Plaintiffs,** ) ) vs. ) )  **US BANK NATIONAL et al.,** )  )  **Defendants.** ) | **No. 3:12-CV-1787-K (BH)** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the claims of Maria P. Nicholson should be **DISMISSED** without prejudice.

**I. BACKGROUND**

On June 8, 2012, Plaintiff Charles E. Nicholson (Plaintiff) filed a pro se complaint against the defendants. Although the complaint also lists Maria P. Nicholson as a plaintiff, only Plaintiff signed the complaint. By order dated June 11, 2012, he was advised that

> Plaintiff may not bring this *pro se* case on behalf of Ms. Nicholson. He must file an amended complaint that sets out only his personal claims. If Ms. Nicholson seeks to join in this action, she must file her own complaint under her own signature, or she and Plaintiff may file an amended complaint that is signed by both parties. *See* Fed. R. Civ. P. 11(a) (requiring that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party).

(*See* doc. 7.) More than twenty days have passed, but Ms. Nicholson has not filed her own complaint under her own signature, and the plaintiffs have not filed a joint amended complaint that has been signed by both parties.

**II. ANALYSIS**

"In all courts of the United States the parties may plead and conduct their own cases

personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By order issued June 11, 2012, Plaintiff was advised that he could not proceed with this action on behalf of Ms. Nicholson, and that dismissal of her claims would be recommended if she did not file her own complaint within twenty days, or if they did not jointly file an amended complaint that was signed by both. (*See* doc. 7). Ms. Nicholson has not filed her own complaint, and the plaintiffs have not filed a joint amended complaint signed by both. Because she has not shown that she intends to prosecute her own claims in this case, and Plaintiff may not prosecute the complaint on her behalf, her claims are subject to dismissal.

### III. CONCLUSION

The claims of Maria P. Nicholson should be dismissed without prejudice.

**SO RECOMMENDED on this 6th day of July, 2012.**

                                                                            _____
                                                                            IRMA CARRILLO RAMIREZ
                                                                            UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE