IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES E. NICHOLSON et al.,            ) | |
|                                                             ) | |
|            **Plaintiffs,**                            ) | |
| vs.                                                       ) | No. 3:12-CV-1787-K (BH) |
|                                                             ) | |
| US BANK NATIONAL et al.,                ) | |
|                                                             ) | |
|            **Defendants.**                         ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to serve within 120 days.

**I.  BACKGROUND**

On June 8, 2012, Plaintiff filed this *pro se* civil action against the defendants and paid the filing fee.  On June 11, 2012, the Court issued an order stating:

> Because he paid the fee, Plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure.  If each defendant is not served within 120 days after the filing of the complaint, the action against the unserved defendant is subject to dismissal without prejudice.  *See* Fed. R. Civ. P. 4(m).  In addition, Fed. R. Civ. P. 4(l)(1) requires Plaintiff to file proof of service with the Court unless service is waived.  This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal.  *Id.*  If Plaintiff does not file a valid return of service or otherwise show that each defendant was properly served, the action against the unserved defendant may be dismissed.

(*See* doc. 8.)  The order also directed the clerk to mail Plaintiff summons forms and a copy of Rule 4.  More than 120 days have passed from the date that this suit has filed, but Plaintiff has failed to file a valid return of service on the defendants or otherwise show that they have been

timely served.

On October 15, 2012, the Court issued an order directing Plaintiff to show cause in writing no later than October 29, 2012, for his failure to comply with the service requirements of Rule 4 as to the defendants. The order expressly stated that if Plaintiff failed to comply with its terms by filing a valid return of service as to the defendants or by showing good cause in writing why service could not be timely made, dismissal of the case would be recommended without further notice. As of this date, Plaintiff has not filed a valid return of service to show that he has properly served the defendants or shown cause in writing for his failure to do so.

## II. ANALYSIS

Because he paid the fee, Plaintiff was responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 120 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service with the Court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the

rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)).  A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 120 days have passed since Plaintiff filed this action, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving the two defendants and/or filing proof of valid service.  Nor has he shown cause for his failure.

### III.  CONCLUSION

All claims and causes of action asserted against the defendants should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 5th day of November, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4